

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

United States of America,

V.    21-cr-20218-AHS

Victor Antonio Rivera-Ortiz,
Defendant.

MOTION FOR SENTENCE REDUCTION PURSUANT TO TITLE 18 U.S.C. 3582(c)(2) - AMENDMENT 821 U.S.S.G.

To the Honorable Court:

I.    Factual and Procedural Background

On the 1st day of June of 2022, this Court sentenced the defendant to serve 135 months of imprisonment following a guilty plea. With a lowered total offense level of 31.

Based on Category III criminal history, the defendant's final advisory guideline range was 135-168 months imprisonment which still include a ten-year mandatory minimum sentence pursuant to 21 U.S.C. 841(b)(1)(A).

II. <u>United States Sentencing Commission - Amendment-821</u>

Part A. of amendment 821 limits the overal crime history impact of "status Points" at 4 A1.1.

Part B. Subpart 1 of amendment 821 creates a new chapter four guideline at C1.1 decreasing by two the offense levels for defndants who did not receive any criminal history points and whose instant offense did not involve specific aggravating factors.

a. <u>18 U.S.C. 3582 (C) (2)</u>
<u>Analytical Standard</u>

<u>Discussion of 3582 (c) (2) In General and the limits of the proceedinds</u>

Section 3582 (c) provides that a Federal Court... may not modify a term of imprisonment once it has been imposed... except in... limited circumstances:

"...3582 (c) (2)..."

Where a defendant has been sentenced to a term of imprisonment

2

based on a sentencing range that was subsepuently lowered by the Commission and certain other requirements are met.

### b. Dillon v. United States Framework

The Supreme Court in <u>Dillon V. U.S.</u> Clarified how 3582(c)-(2) provides only narrow exceptions to the general rule of finality. <u>Dillon V. U.S., 560 U.S. 817, 824-28 (2010).</u>

By its terms, 3582 (c)(2) does not authorize a sentencing or resentencing proceeding;

Instead, it provides for the
"Modification of a term of imprisonment by giveng Courts the power to reduce an other wise final sentence in circumstances specified by the Commission".

<u>Dillon at 825.</u>

The Supreme Court explained that the Statute's Text...

" together with its narrow scope, shws that Congress scope, shows that that Congress intended to authorize only a limited adjustment to an other wise final sentence and not a plenary resentencing proceeding".

3

III.   United States Sentencing Commission

Part A. of amendment 821 limits the overal crime history impact of "status Points" at 4 A1.1.

Part B.   Subpart 1 of amendment 821 creates a new chapter four guideline at C1.1 decreasing by two the offense levels for defندants who did not receive any criminal history points and whose instant offense did not involve specific aggravating factors.

a.   18 U.S.C. 3582 (C) (2)
     Analytical Standard

Discussion of 3582 (c) (2) In General and the limits of the proceedinds

Section 3582 (c) provides that a Federal Court... may not modify a term of imprisonment once it has been imposed... except in... limited circumstances:

"...3582 (c) (2)..."

Where a defendant has been sentenced to a term of imprisonment

4

based on a sentencing range that was subsepuently lowered by the Commission and certain other requirements are met.

**b.** <u>Dillon v. United States Framework</u>

The Supreme Court in <u>Dillon V. U.S.</u> Clarified how 3582(c)-(2) provides only narrow exceptions to the general rule of finality. <u>Dillon V. U.S., 560 U.S. 817 ,824-28 (2010).</u>

By its terms, 3582 (c)(2) does not authorize a sentencing or resentencing proceeding;

Instead, it provides for the
"Modification of a term of imprisonment by giveng Courts
the power to reduce an other wise final sentence in circumstances specified by the Commission".

<u>Dillon at 825.</u>

The Supreme Court explained that the Statute's Text...

" together with its narrow scope, shws that Congress
scope, shows that that Congress intended to authorize only a limited adjustment to an other wise final sentence and not a plenary resentencing proceeding".

5

" Based on a sentencing range that has subsequently been lowered by the sentencing Commission".

Dillon at 819

C.     U.S. Sentencing Commission Policy Statement 1B1.10

For a sentence to be reduced retroatively must determine whether;

" The guideline range applicable to the defendant has subsequetly been lowered as a result of an amendment to the guideline manual listed in subsection (d)".

See    1 B 1. 10  cmt. n.1 (A)
Explaining that eligibility for consideration under 3582(c)(2)

" Triggered only by an amendment listed in subsection (d)".

IV. <u>Title 18 U.S.C. 3582(c)(2)</u>

Under 3582(c)(2).a district court may reduce the prison sentence of a

> "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" 18 U.S.C. 3582(c)(2);see also U.S.S.G. 1B1.10(a)(1).

However,the grounds upon which a district court may reduce a defendant's sentence pursuant to 3582(c)(2) are narrow. **United States V. Berry,701 F3d 374,376(11th Cir.2012).**

For a defendant to be eligible for such a reduction,the Sentencing Commission must have amended the guideline at issue,the amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. 1B1.10(d).Amendment    ,which became effective November 1,2025,provides a           reduction in

A.  <u>**Dillon v United States Analytical Framework**</u>

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under 3582(c)(2).Dillon V. United States,560 U.S. 817(2010),at 826; see also **United States V. Bravo,**203 F.3d 778,780(11th Cir. 2000).

7

First, the court must calculate the offender's amended guideline range. **Bravo**, at 780.

Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. **Bravo** at 781.

In exercising that discretion, the court must consider the 18 U.S.C. 3553(a) factors. See 1B1.10, comment. (n.1(B)(i)).

These factors include, among other things:
(1) the nature and circumstances of the offense;
(2) the history and characteristics of the defendant;
(3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment";
(4) the need for adequate deterrence;
(5) the need to protect the public from further crimes;
(6) the guideline range; and
(7) any pertinent policy statement from the Sentencing Commission. See 18 U.S.C. 3553(a)(1),(a)(2),(a)(4)(A), (a)(5).

The court also must consider the nature and seriousness of any danger a reduction would pose to persons or to the community and the court may consider a defendant's post-sentencing conduct. See **United States V. Williams**,, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. 1B1.10, comment. (n.1(B) ((ii)(iii)).

8

A district court need not

> "articulate specifically the applicability- if any of each of the section 3553(a) factors, as long as the record demostrates that the pertinent factors were taken into account by the district court" See **United States V. Eggersdorf**, 126 F.3d 1318, 1322 (11th Cir. 1997).

In **Eggersdorf**, the 11th Circuit deemed sufficient the district court's order in which stated that it had reviewed the 3582(c)(2) motion, the government's response, the record, and was "otherwise duly advised". See **Eggersdorf** 1322-23. The Circuit further noted that the 3582(c)(2) and response had discussed specific elements that were relevant to the 3553(a) factors, and stressed that the sentencing and 3582(c)(2) judge was the same.

Conversely, in **United States v Douglas**, the Circuit concluded that a form 3582(c)(2) order that indicated consideration of the defendant's motion was not sufficient to show that the court had considered the 3553(a) factors when denying the motion. 576 F.3d 1236, 1219-20 (11th Cir. 2009). And in **Williams**, the Circuit vacated and remanded where the record was silent as to whether the district court considered the 3553(a) factors.

V. Conclusion

Wherefore, the Defendant very respectfully prays from this Honorable Court to grant this motion for reduction under 18 U.S.C. (c)(2) accordingly with the 3553(a) factors taking into account that he committed the present crime while he was on **supervised release**.

Very respectfully submmitted on January 18th Of 2026.

> Victor Antonio Rivera-Ortiz
> No.58866-018
> Federal Correctional Complex-
> Coleman-Medium
> P.O.Box 1032
> Coleman, Florida 33521-1032

Victor Antonio Rivera-Ortiz
No.58866-018
Federal Correctional Complex-
Coleman-Medium
P.O.Box 1032
Coleman,Florida 33521-1032



9589 0710 5270 2678 7309 03



United States District Court
Southern District of Florida
299 East Broward Boulevard-Room 108
Ft. Lauderdale,Florida 33301